IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LESTER L. CORLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 108-044 |
| | ) |
| BRUCE PEARSON, Warden and | ) |
| THURBERT E. BAKER, Attorney | ) |
| General,[1] | ) |
| | ) |
| Respondents. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4

---

[1] Petitioner has filed a motion to amend his petition to correct the named Respondent. Petitioner seeks to substitute Thurbert E. Baker, the Attorney General for the State of Georgia, and Bruce Pearson, Warden, for his previously named Respondent, the State of Georgia. The Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus, "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings, and has heretofore conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(2). In addition, Rule 11 of the Rules Governing § 2254 Proceedings provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Thus, the Court will apply a traditional Fed. R. Civ. P. 15 analysis to Petitioner's request to amend. In pertinent part, the Federal Rules of Civil Procedure ("Federal Rules") provide, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). Here, Respondent has not yet filed his answer, and the time in which to do so has not yet expired. Furthermore, Petitioner has not previously amended his petition. Therefore, Petitioner may amend his petition as a matter of course, and the instant motion is **MOOT**. (Doc. no. 5). As such, the **CLERK** is **DIRECTED** to change the docket to reflect Petitioner's amended Respondents.

of the Rules Governing Section 2254 Cases.[2] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

## I. BACKGROUND

According to the petition, on September 4, 1992, Petitioner plead guilty to possession of cocaine base and was sentenced to four years of probation. (Doc. no. 1, p. 1). Petitioner apparently did not appeal his conviction; however, he did file a state habeas corpus petition in, the Superior Court of Burke County. (Id.). Petitioner does not provide the date he filed his state habeas petition, indicating on the question asking for the date of filing that the date was "not applicable."[3] Similarly, Petitioner does not provide the date his habeas petition was denied. However, Petitioner reports that the Georgia Supreme Court denied his initial request for a certificate of probable cause to appeal and motion for reconsideration of the same.[4] (Id.).

---

[2]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[3]Petitioner raised, as grounds for relief, ineffective assistance of counsel, involuntary plea of guilty, and conflict of interest. (Doc. no. 1, p. 1).

[4]A review of the Georgia Supreme Court website reveals that it appears that Petitioner filed a state habeas petition some time in 2005, and he filed his request for a

2

## II. DISCUSSION

A.  **The Instant Petition is Governed by a One-Year Statute of Limitations.**

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

certificate of probable cause to appeal in December 2007. www.gasupreme.us/docket_search Civil Case No. S08H0647. Petitioner's motion for reconsideration was denied on April 11, 2008. Id. Thus, it appears that even though Petitioner plead guilty in 1992 to the drug related offenses, he did not file his state habeas petition until some time in 2005, well over twelve (12) years after his conviction became final.

3

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the Court presumes the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), quoted above, a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." As Petitioner did not file a direct appeal of his conviction, his conviction became "final" on or about October 4, 1992, when the thirty (30) day period to file an appeal provided for by O.C.G.A. § 5-6-38(a) expired.

Of key interest here, in the Eleventh Circuit, petitions filed after the enactment date of the AEDPA but attacking convictions which became final prior to that date are subject to a bright-line rule. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (*per curiam*). Prisoners whose convictions became final prior to the effective date of the AEDPA must be given a reasonable time after the statute's enactment to file their motions for habeas corpus relief, and "a reasonable period is until April 23, 1997, one year from the date of enactment of § 105 of the AEDPA." Id. (quoting Goodman v. United States, 151 F.3d 1335, 1337 (11th Cir. 1998)). Thus, prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the AEDPA.

Petitioner did not bring the instant federal petition until April of 2008, more than ten years too late. Of course, a prisoner may delay the start of his AEDPA clock by showing that §§ 2244(d)(1)(B), (C), or (D) apply. However, as the Court has already noted, Petitioner has provided no basis for supposing that these provisions apply. Thus, the Wilcox bright-line rule applies. That said, a prisoner may also stop the running of his AEDPA clock while "a

4

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). In addition, "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." Helton v. Secretary for Dep't of Corr., 259 F.3d 1310, 1312 (11th Cir. 2001) (*per curiam*) (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)).

The Court is aware that Petitioner sought habeas corpus relief in state court. (Doc. no. 1). However, by the time Petitioner sought habeas relief in state court in 2005, the period of limitations had already expired, in fact, Petitioners sentence had already been completed.[5] Of course, the Court recognizes that according to the above-quoted provision of § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for post-conviction or collateral review is pending in state court. Nevertheless, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)(citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). In sum, § 2244(d)(2) is of no benefit to Petitioner. Therefore, absent some tolling mechanism, the above-captioned petition is time-barred by the AEDPA's one-year statute of limitations.

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: where there is a newly discovered factual predicate for a petitioner's

---

[5]Petitioner was sentenced to 4 years of probation, thus his sentence was completed in 1997.

5

claim which could not have been discovered earlier through the exercise of due diligence; where the State has created some "impediment" to filing the application; or where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) (quoted *supra*). Here, Petitioner has not asserted that he is entitled to statutory tolling.

Nor has Petitioner argued that he is entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19). Here, Petitioner fails to make any argument, let alone one that rises to the level, of extraordinary circumstances which would justify equitable tolling.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner

has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support a claim of actual innocence,[6] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

### III. CONCLUSION

For the reasons set forth above, the Court **FINDS** that the § 2254 petition is time-barred. Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of August, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6] Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition.

7