IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LESTER L. CORLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 108-044 |
| | ) | |
| BRUCE PEARSON, Warden, and | ) | |
| THURBERT E. BAKER, Attorney | ) | |
| General, | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended dismissal of Petitioner's 28 U.S.C. § 2254 petition because it is time-barred by the applicable one-year statute of limitations. (Doc. no. 6). The Report and Recommendation explains that Petitioner's state conviction became final in October 1992. (Id. at 4). It also explains that prisoners seeking federal habeas corpus relief from a conviction which became final prior to April 24, 1996 must have filed their petition in federal court by April 23, 1997, one year after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Id.).

However, Petitioner did not file the instant petition until April 2008. (Id.). Additionally, although Petitioner filed state habeas corpus petition in 2005, by the time he commenced that proceeding, the period of limitations had already expired. (Id. at 5).

Accordingly, the Magistrate Judge recommended dismissal of the petition.

In his objection, Petitioner argues that the Supreme Court has held, "After an enhanced sentence has been imposed. . . , the person sentenced may pursue any channels of direct or collateral review to challenge his prior conviction(s)." (Doc. no. 8, p. 4). Petitioner then states, "In other words, the Supreme Court instructed petitioners such as Lester Corley to attack the predicate state court conviction itself, either in state court or through federal habeas review." (Id.). In support of his arguments, Plaintiff relies on Daniels v. United States, 532 U.S. 374 (2001) and Custis v. United States, 511 U.S. 485 (1994).

Petitioner's argument misses the mark. In Daniels, the Supreme Court actually stated, "After an enhanced federal sentence has been imposed pursuant to the Armed Career Criminal Act of 1984, the person sentenced may pursue any channels of direct or collateral review **still available** to challenge his prior conviction." Daniels, 532 U.S. at 382 (emphasis added). In fact, the Supreme Court further noted, "If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because defendant failed to pursue those remedies while they were available. . . then that defendant is without recourse." Id. Thus, Daniels affords Petitioner no grounds for relief.[1]

As Petitioner's collateral attack is untimely, he is without recourse. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2254 petition is time- barred. This case is **DISMISSED**,

---

[1] In Custis the Supreme Court noted the possibility that the petitioner there, who was still in custody on his prior convictions, could "attack his state sentenced [in state court] or throughout federal habeas review. Custits, 511 U.S. at 497.

and this civil action is **CLOSED**.

SO ORDERED this 21st day of October, 2008, in Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE